Berthe LETOURNEAU, Plaintiff,

v.

Joseph A. CALIFANO, as Secretary of the United States Department of Health, Education and Welfare, and Jerome Kurtz, as United States Commissioner of Internal Revenue,* Defendants.

No. 74 Civ. 5361 (KTD).

United States District Court,
S. D. New York.

July 24, 1978.

Kalman Finkel, Attorney-in-Charge, The Legal Aid Society, Civil Division, John E. Kirklin, Director of Litigation, The Legal Aid Society, New York City, for plaintiff; Arthur J. Fried, of counsel.

Robert B. Fiske, Jr., U. S. Atty., for S. D. New York, New York City, for defendants; Frederick P. Schaffer, Asst. U. S. Atty., New York City, of counsel.

Before HAYS, Circuit Judge, and DUFFY and BRODERICK, District Judges.

KEVIN THOMAS DUFFY, District Judge.

OPINION

This three-judge court was convened, pursuant to 28 U.S.C. § 2284,[1] at the di-

---

* During the pendency of this action, plaintiff's motion for class action status was denied and she is now proceeding individually. Additionally, defendant F. David Mathews has been replaced by Joseph A. Califano as Secretary of Health, Education and Welfare and defendant Donald C. Alexander has been replaced by Jerome Kurtz as Commissioner of Internal Reve-

nue. We have amended the caption to reflect these changes.

1. This case was commenced prior to the amendment to 28 U.S.C. § 2284. Future cases of this kind need not be heard by a three-judge court.

rection of the United States Court of Appeals for the Second Circuit, to hear a constitutional challenge to two complementary statutes which afford certain benefits to United States citizens while denying the same benefits to permanent resident aliens. The statutes, 42 U.S.C. § 411(c)(2)(C) and 26 U.S.C. § 1402(c)(2)(C) together provide citizens working for foreign governments or international organizations with a means of obtaining social security, hospital and retirement benefits which they would otherwise be denied; similarly employed aliens do not fall within the purview of the statutes.

Plaintiff Berthe Letourneau is a 71 year old Canadian citizen with permanent resident alien status in the United States. She has lived in this country since 1944, working first for the French Delegation in Washington, D.C. and then for the United Nations. In 1967, following her execution of a waiver of rights, privileges and immunities under the Immigration and Nationality Act, she acquired permanent resident status. From March, 1968 through April, 1972, plaintiff was employed by the French Embassy in New York City. During this time, she paid federal income taxes and, apparently in the belief that she was entitled to retirement and hospital insurance benefits under the Social Security Act, she also paid self-employment tax for social security purposes.

In early 1972 Mrs. Letourneau filed an application with the Social Security Administration for retirement, medical and hospital insurance benefits. While her application for medical insurance was granted, plaintiff was advised that she was not entitled to hospital or retirement benefits since her income was excluded from the coverage of the Social Security Act, 42 U.S.C. § 410(a)(10), and did not qualify as "self-employment" income so as to fall within 42 U.S.C. § 411(c)(2)(C).

Plaintiff's request for reconsideration afforded her no greater relief and, following a hearing before an Administrative Law Judge, she was again advised of her ineligibility for the benefits sought. The Appeals Council affirmed the decision of the Administrative Law Judge and, having exhausted all her administrative remedies, plaintiff appealed to the federal courts. She seeks a declaratory judgment that 42 U.S.C. § 411(c)(2)(C) and its counterpart in the Internal Revenue Code are unconstitutional, and injunctions (1) directing the Secretary of Health, Education and Welfare (HEW) to provide her with social security, hospital and retirement insurance benefits; (2) enjoining the statutes' operation insofar as they bar resident aliens employed by foreign governments from eligibility for social security coverage; and (3) reversing the decision of the Secretary denying her eligibility for social security retirement and hospital insurance benefits. The government has cross-moved for judgment on the pleadings.[2]

Relying on legislative history, plaintiff asserts that the development of the Social Security Act reflects a congressional intention to treat both citizens and noncitizens equally. The retirement and old age insurance aspects of the Act were adopted to provide "workers and their families with basic protection against hardships created by loss of earnings due to illness or old age." *Mathews v. de Castro*, 429 U.S. 181, 185–86, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976). As originally enacted, the old age and retirement provisions extended to all employees, whether citizen or alien, but not to self-employed persons. In 1939, shortly after its creation, the Act was amended to reflect a situation which arose when foreign

---

**2.** The government has also moved to dismiss the claim against the Commissioner of Internal Revenue which was interposed by plaintiff in her amended complaint. Plaintiff seeks to enjoin the Commissioner from refusing to collect social security taxes from aliens employed by foreign governments. The government contends that this claim is moot since plaintiff has already paid self-employment tax and has no standing to seek an injunction as to future collections which will not affect her. While we find merit in the government's contentions, we need not reach this question, since, in any event, we find the government entitled to judgment on the pleadings, see *infra*.

consuls who employed citizens and aliens refused to contribute to the social security system. Since it was impossible to compel foreign governments to make these contributions, Congress withdrew social security coverage for employees, both citizen and alien, of foreign governments. 42 U.S.C. § 410(a)(11), (12).

In 1950 the Social Security Act was amended to extend coverage to self-employed persons. 42 U.S.C. § 411–413. By virtue of this amendment, such individuals became liable for a self-employment tax which was used partially to finance their social security coverage.[3] Thereafter, in 1960, Congress decided to extend old age and retirement benefits to citizens in the employ of foreign governments by engaging in the fiction that they are self-employed persons. 42 U.S.C. § 411(c)(2)(C) and its counterpart 26 U.S.C. § 1402(c)(2)(C) were amended to provide that the definition of trade or business shall include service performed by United States citizens in the employ of foreign governments. No reason was articulated for the failure to restore old age and retirement benefits to aliens employed by foreign governments.

While recognizing that only minimal scrutiny is to be given federal statutory distinctions involving aliens, *see Mathews v. Diaz,* 426 U.S. 67, 81–2, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976), plaintiff urges that the distinctions drawn in this case fail to withstand even such limited review. Plaintiff relies upon *Weinberger v. Weisenfeld,* 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1974) for the proposition that the mere recitation of an imaginable purpose behind a statutory scheme is not an automatic shield against inquiry into its actual purposes. *Id.* at 648, 95 S.Ct. 1225. In this case, however, the legislative history fails to reveal a congressional purpose for the exclusion of aliens from the operation of 42 U.S.C. § 411(c)(2)(C). Thus, this is not a case where "an examination of the legislative scheme and its history demonstrates

that the asserted purpose could not have been a goal of the legislation." *Id.* n.16. Rather, this is a case where the silence of Congress permits us to "presume that any interest which might rationally be served by the rule did in fact give rise to its adoption." *Hampton v. Mow Sun Wong,* 426 U.S. 88, 103, 96 S.Ct. 1895, 1905, 48 L.Ed.2d 495 (1975).

The government has proposed a number of interests which it believes would be served by the exclusion of aliens working for foreign governments from the operation of the social security statute. We need not address each separately since, in our view, there is one rationale which by itself justifies the distinction created by section 411(c)(2)(C).

Aliens employed by foreign governments or international organizations enjoy many privileges and immunities not shared by citizens and other aliens. These include an exemption from the payment of many federal taxes, most notably federal income tax. This exemption is forfeited only upon execution of a waiver of rights, privileges and immunities under the Immigration and Nationality Act. Were these aliens eligible for social security coverage, they could, as the government suggests, enjoy the best of two worlds: they could retain their privileges for years and then change their status only at the last moment, in time to qualify for social security benefits. Their taxes would thus be kept at a minimum yet they would still be eligible for some social security coverage. Congress could reasonably have foreseen such abuse and acted to prevent it. Moreover, in excluding aliens employed by foreign governments from social security coverage, Congress also might have considered the economic benefits enjoyed by such persons who pay neither social security nor income taxes prior to waiving their rights, privileges and immunities. These tax savings could conceivably furnish such aliens with a private retirement fund which

---

**3.** Tax rates on self-employed persons for old age, survivors, and disability insurance are about 75% of the combined rates paid by employer and employee. Tax rates on self-employed persons for hospital insurance are 50% of the combined rates paid by employer and employee. *Compare* 26 U.S.C. § 1401(a), (b) *with* 26 U.S.C. §§ 3101(a), (b) and 3111(a), (b).

similarly employed citizens and other aliens would be unable to amass.

Thus, finding, as we do, a rational reason for the challenged provisions, plaintiff's Motion For Summary Judgment is denied. Defendants' Motion For Judgment on the pleadings is granted.

Settle judgment on seven days' notice.

SO ORDERED.

HAYS, Circuit Judge, and VINCENT L. BRODERICK, District Judge, concur.